# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) CODY MARTINEZ,<br>    *Plaintiff*,<br><br>v.<br><br>1) OLYMPIA RENEWABLE PLATFORM, LLC.<br><br>2) OLYMPIA CAPITAL CORPORATION,<br>    *Defendants*. | Case No.: 4:20-cv-00082-JED-JFJ |

## COMPLAINT

COMES NOW Plaintiff, Cody Martinez, brings this action against Defendants, Olympia Renewable Platform, LLC, and Olympia Capital Corporation ("Olympia"), to recover all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, for unpaid overtime, liquidated damages, costs, and attorneys' fees.

## I.  OVERVIEW

1. Plaintiff brings this action on behalf of himself in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, to recover overtime compensation from his former employer, Olympia.

2. Plaintiff was a non-exempt employee under the FLSA but did not receive compensation of at least one and one-half (1 ½) the regular rate for all hours worked in excess of forty (40) hours per workweek.

3. Defendants knowingly failed to compensate Plaintiff overtime compensation of at least one and one-half (1 ½) the regular rate for all hours worked in excess of forty (40) hours per workweek.

4. Plaintiff is owed compensation for unpaid overtime and other damages available under section 216(b) of the FLSA, 29 U.S.C. § 216(b).

## II.  PARTIES

5. Plaintiff is an individual residing in Texas County, Oklahoma.

6. Plaintiff worked for Defendants from March 30, 2018, to March 18, 2019, in Guymon, Texas County, Oklahoma.  Plaintiff was hired as warehouse help and promoted to a Lead Maintenance Technologist.

7. Throughout his employment with Olympia, Plaintiff was not paid overtime compensation and was classified as a non-exempt employee.

8. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff worked for Defendants who failed to pay overtime compensation.  Plaintiff worked for Defendants within three years of the date this Complaint was filed.  See 29 U.S.C. § 255(a).

9. According to its website, Defendants Olympia Renewable Platform, LLC (hereinafter "Olympia") is a "lower middle market company of Olympia Capital Corporation.  Olympia Capital Corporation is established as an SPC (Special Purposes Company) to invest in growth-oriented lower middle market companies, with enterprise values up to $100 million, specifically targeting those companies that are poised to benefit from market growth."  "Olympia is focused on buyout and recapitalization of

such opportunistic, growth stage companies throughout the United States and globally." Olympia is incorporated in California. However, Olympia Renewable Platform, LLC has an Oklahoma office located in Guymon, Oklahoma.

10. Defendants maintain places of business in Oklahoma.

### III.  JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201 *et seq*.

12. Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b) because Defendants operate in this district, Plaintiff worked in this district for Defendants, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### IV.  COVERAGE UNDER THE FLSA

13. At all relevant times, Olympia has been an employer within the meaning of section 203(d) of the FLSA, 29 U.S.C. § 203(d).

1. At all relevant times, Olympia has been part of an enterprise within the meaning of section 203(r) of the FLSA, 29 U.S.C. § 203(r).

2. At all relevant times, Olympia has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person, and (c) in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

3. At all relevant times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. §§ 206–207.

## V. FACTS

4. Olympia is an investment company which seeks opportunities for platform investments and strategic acquisitions. Olympia focuses on buyout and recapitalization of such opportunistic, growth stage companies throughout the United States and globally. Olympia Renewable Platform, LLC is one of its parent company's "opportunistic, growth state companies throughout the United States." Olympia Renewable Platform, LLC is located in Guymon, Oklahoma.

5. Plaintiff worked for Defendants as a Lead Maintenance Technologist from April 30, 2018 to March 18, 2019 in Guymon, Texas County, Oklahoma.

6. Plaintiff was a non-exempt employee under the FLSA.

7. Plaintiff's primary job duties as a Lead Maintenance Technologist involved maintaining, repairing and ensuring proper working condition of wind turbines.

8. At all relevant times, Plaintiff worked under the direct supervision of a Site Supervisor, Harold Hanakala.

9. The position of Lead Maintenance Technologist required advanced and specialized certifications, including High Voltage/Electrical Awareness, Climb Rescue, OSHA 10, and CPR training.

10. Plaintiff was classified a non-exempt employee as a Lead Maintenance Technologist.

11. The working schedule for Plaintiff and other Olympia employees is Monday through Friday 8:00 a.m. to 5:00 p.m., with summer months beginning early at 6:00 a.m. to 3:00 p.m., with a total of eight (8) scheduled working hours per working day.

12. During the applicable statutory period, Plaintiff was regularly required to work Saturdays, or otherwise worked overtime beyond their eight (8) scheduled working hours per day, in excess of forty (40) hours per workweek.

13. Managers and supervisors knew or had constructive knowledge that Plaintiff was working overtime hours on a regular basis.

14. The Warehouse Manager, Ricardo Calderon, was responsible for observing and recording hours worked. Olympia does not use timecards or other electronic reporting systems to document weekly hours.

15. Plaintiff was required and worked regular unpaid Saturdays. Plaintiff's employment was terminated by his supervisor, Harold Hanakala, after refusing to work another unpaid Saturday.

16. Olympia, through its managers and supervisors, had actual or constructive knowledge of overtime hours worked by Plaintiff.

17. Olympia knew or should have known that Plaintiff was entitled to overtime compensation pursuant to the FLSA, and required Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per workweek without overtime compensation.

18. Plaintiff did not receive overtime compensation at the required rate of one and a half (1 ½) times the regular rate of compensation for all hours worked in excess of forty (40) hours per week.

19. Accordingly, Olympia has violated the FLSA by failing to compensate Plaintiff for overtime hours worked.

20. Olympia knowingly or in reckless disregard failed to pay Plaintiff compensation for overtime hours worked as required under the FLSA.

21. Olympia's failure to pay overtime compensation was neither reasonable nor in good faith.

## VI.  CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*

22. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

23. The FLSA, 29 U.S.C. §§ 206–207, requires employers to pay non-exempt employees additional compensation for all hours worked over forty (40) hours per workweek.

24. Defendants had actual or constructive knowledge of Plaintiff's overtime hours worked and required Plaintiff to routinely work more than forty (40) hours per workweek without overtime compensation. *See* 29 C.F.R. §§ 785.11, 785.13; *see also* 29 U.S.C. § 203(g).

25. Defendants' actions described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff its overtime premium.

26. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim. *See* 29 U.S.C. § 216(b).

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their failure to compensate Plaintiff in overtime was in violation of the law.

## VII.  RELIEF SOUGHT

WHEREFORE, Plaintiff, Cody Martinez, situated, prays for judgment against Defendants and the following relief:

  A. A finding that Plaintiff was a non-exempt employee entitled to protection under the FLSA;

  B. A finding that Defendants violated overtime provisions of the FLSA;

  C. A finding that Defendants' violations of the FLSA were willful;

  D. Judgement against Defendants in the amount of Plaintiff's unpaid back wages at the applicable overtime rates;

E. An award of all damages, including liquidated damages as permitted under the FLSA, 29 U.S.C. § 216(b);

F. Leave to amend to add state law claims;

G. An award of attorneys' fees and costs incurred as a result of this suit; and

H. Any and all relief, in law or equity, as the Court may deem just and proper.

## VIII. DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: December 13, 2019

Respectfully submitted,

*/s/ Jillian Mershon*
Jillian Mershon, OBA #30172
Mazaheri Law Firm, PLLC
3000 W. Memorial Rd., Suite 230
Oklahoma City, OK 73120
Telephone: (405) 414-2222
Facsimile: (405) 607-4358
Jillian@mazaherilaw.com
*Attorney for Plaintiff*

**Attorney's Lien Claimed**